**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MICHAEL BLEMASTER, an individual as successor to RCU, Inc., an Arizona corporation  successor in interest RCU Incorporated,<br><br>              Plaintiff-Appellee,<br><br>   v.<br><br>HORATIU CORNELIUS SABO, an individual; et al.,<br><br>              Defendants,<br><br>   v.<br><br>FLORIN VALERIU IVAN, Counsel for Defendants; et al.,<br><br>              Movants-Appellants. | No.    18-16200<br><br>D.C. No. 2:16-cv-04557-JWS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted March 2, 2020
Phoenix, Arizona

---

   *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SILER,[**] CLIFTON, and BYBEE, Circuit Judges.

Florin V. Ivan and the law firm of Ivan & Kilmark, PLC ("Appellants") appeal the district court's imposition of discovery sanctions and its civil contempt holding.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review for abuse of discretion a trial court's imposition of discovery sanctions, *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th Cir. 2019), as well as its civil contempt holding.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  A district court abuses its discretion when it bases its decision "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005).

Appellants, counsel for the Sabos in the underlying lawsuit, were sanctioned pursuant to FRCP 26(g) for providing several nonresponsive objections to Appellee's discovery requests.  Appellants refused to comply with the sanctions, and the court held them in civil contempt.  Appellants now argue the district court violated their due process rights by imposing the sanctions and civil contempt

---

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

holding without a hearing.

The district court properly found that Appellants' arguments regarding the court's initial sanctioning order were waived, as Appellants took several months to present their objections. *See* LRCiv 7.2(g)(2). Appellants could have contested the merits of the sanctions when they were originally imposed—instead, they argued only the amount of the fee to be collected. Accordingly, the court properly dismissed Appellants' motion for reconsideration for failure to timely object when sanctions were originally imposed. Regardless, Appellants' due process arguments fail on the merits. *See infra.*

Appellants were served broad discovery requests that sought merely the factual basis underlying their clients' defenses and counterclaims. Yet the discovery responses at issue contained little substantive information—nearly every interrogatory, request for production, and request for admission was objected to. The court found such "nonsensical boilerplate objection[s]" to be in violation of FRCP 26(g), which required it to issue sanctions. *See* Fed. R. Civ. P. 26 Advisory Committee's note to 1983 amendment. Nevertheless, Appellants argue their due process rights were violated because the court imposed sanctions *sua sponte* before affording them a hearing. To be sure, attorneys are entitled to notice and an opportunity to be heard when courts impose sanctions to "give an attorney an opportunity to argue that his actions were an acceptable means of representing his

18-16200

client, to present mitigating circumstances, or to apologize to the court for his conduct." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005). But "[d]ue process does not, of course, require that the defendant . . . actually have a hearing on the merits." *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971). Indeed, "[t]he opportunity to brief the issue fully satisfies due process requirements." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). Appellants were afforded opportunities to contest the imposition, nature, and amount of sanctions. That they chose to address only the proper amount of the fee imposed does not mean they were denied due process.[2]

Finally, the district court did not err in holding Appellants in civil contempt. To hold a party in civil contempt, "the moving party has the burden of showing by clear and convincing evidence that the [nonmoving party] violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Appellants latch onto the "specific and definite" requirement, arguing that the court was unclear as to the date payment was due and

---

[2] Appellants' reliance on *Boddie v. Connecticut*, in which a state's denial of access to the courts by welfare recipients, is inapposite. "[T]he nature of [the protection] varies depending upon the violation, and the type and magnitude of the sanction." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137 (9th Cir. 2001). An attorney's willful failure to comply with a court's order is far different from the facts in *Boddie*.

as to whom the sanctions were being levied on.  Although the court's initial sanctioning order might have been clearer, its subsequent orders put Appellants on notice that the award of attorney's fees was immediately enforceable against Ivan and Ivan & Kilmark, PLC.

Given that a specific and definite order was violated, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply."[3] *Affordable Media*, 179 F.3d at 1239.  Despite numerous warnings, Appellants argued only why they *chose* not to reply, rather than asserting that they *could* not reply.  As such, the district court had no need to hold a hearing.  *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998) (holding that a district court does not violate due process by failing to hold a hearing when the violation is not in dispute and the contemnor does not describe any evidence that would be presented at a hearing).

**AFFIRMED.**

---

[3] Contempt sanctions are not warranted when a party's action "appears to be based on a good faith and reasonable interpretation" of the court's order.  *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982).